## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **VIVIAN ELROD** | |
| **Plaintiff,** | |
| **v.** | Case No. 19 cv 06048 |
| **BAYER CORPORATION, BAYER HEALTHCARE, LLC, BAYER ESSURE, INC. (F/K/A CONCEPTUS, INC.), BAYER HEALHCARE PHARMACEUTICALS, and LINDSAY ANNE BOATWRIGHT,** | Judge Mary M. Rowland |
| **Defendants**. | |

## MEMORANDUM OPINION & ORDER

On September 9, 2019, Defendants Bayer Corporation, Bayer Healthcare, LLC, Bayer Essure, Inc., Bayer Healthcare Pharmaceuticals (collectively, "Bayer"), and Lindsay Anne Boatwright removed this case from the Circuit Court of Cook County to the Northern District of Illinois. (Dkt. 1). Plaintiff Vivian Elrod moved to remand asserting this case lacks diversity jurisdiction. (Dkt. 16). For the reasons that follow, Plaintiff's motion [16] is denied.

## BACKGROUND

Vivian Elrod, a citizen of Illinois, filed suit in the Circuit Court of Cook County for products liability and misrepresentations arising out of the 2014 implantation of Essure, a medical device used for permanent birth control and female sterilization. (Compl. ¶ 14). Elrod alleges that she had the device removed in September 2017, after

1

suffering injuries including pain, bleeding, infection, and additional surgeries. (*Id*. at ¶ 145). Essure was manufactured and marketed by Conceptus, Inc., which became a wholly owned subsidiary of Bayer in 2013. (*Id*. at ¶ 17). Elrod sued the four Bayer entities that are citizens of Delaware, New Jersey, Pennsylvania, and the Netherlands. (*Id*. at ¶¶ 15-22). Her Complaint alleges that the Defendants fraudulently concealed the safety risks of Essure. She further alleges that Bayer is subject to personal jurisdiction in Illinois because she was implanted with the Essure device and saw the Essure marketing materials in Illinois. (Dkt. 17, 2).

In addition to suing the Bayer entities, Elrod joined an Illinois sales representative, Ms. Boatwright, to the suit. Elrod's Complaint asserts that Ms. Boatwright is liable for negligent misrepresentations because she "disseminat[ed]" Essure "informational brochures or pamphlets" written by Bayer and its corporate predecessor, Conceptus. (Comp. ¶¶ 273, 275). Elrod alleges that Ms. Boatwright "failed to take the necessary steps to ascertain the truth of said statements" and "knew or should have known that said information and statements were false and misleading." (*Id*.). The alleged misrepresentations identified in the Complaint were all Bayer's; that is, they were printed on Bayer's "websites, in print and/or video advertisements, brochures, and fact sheets." (*Id*. at ¶ 119). The Complaint does not identify any specific misrepresentations made by Ms. Boatwright.

Bayer timely removed pursuant to 28 U.S.C. § 1441(a). They attached Ms. Boatwright's declaration to the notice of removal. (Dkt. 1, Ex. B). The declaration states that "[t]he only information [Ms. Boatwright] provided to Plaintiff's physician

2

was the materials and information that Bayer provided" to her, and that she "did not provide any independent information or deviate from the information Bayer provided" to her. (*Id*. at ¶¶ 8, 10). The declaration further explains that "[t]o the best of [Ms. Boatwright's] knowledge, the information furnished by Conceptus and Bayer was true and correct"; that she had no "independent knowledge of the alleged risks of Essure beyond what [she] learned about Essure from Bayer's materials and training"; and that she "lack[s] any independent knowledge or educational background that would enable [her] to test the veracity of the Essure sales and marketing materials." (*Id*. at ¶ 7).

Elrod moved to remand, arguing that this case lacks complete diversity of citizenship because Defendant Boatwright is an Illinois citizen—the same citizenship as Elrod. (Dkt. 17, 3). Bayer counters that Ms. Boatwright should be disregarded for purposes of diversity jurisdiction, and dismissed from this suit, because she was fraudulently joined. (Dkt. 24, 3).

## DISCUSSION

A defendant may remove a case to federal court if there is a basis for federal subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446. The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

3

Removal to federal court is proper when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[1] Yet diversity jurisdiction is limited. "For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1210, 1314-15 (7th Cir. 1994)). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citation omitted). While a "plaintiff typically may choose its own form, [ ] it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763. Thus, in determining whether diversity exists, courts may disregard parties fraudulently joined. *Id.* ("The fraudulent joinder doctrine, therefore, permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."); *see also Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) ("In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded.").

"To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot

---

[1] The parties agree the amount in controversy exceeds this threshold. (Dkt. 24, 3).

establish a cause of action against the in-state defendant.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (emphasis in original) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 68, 73 (7th Cir. 1992)). "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764; *see also Poulos*, 959 F.2d at 73 ("[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?").

Further, in determining whether a defendant is fraudulently joined, the Court may "'pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" *Peters v. AMR Corp.*, No. 95 C 588, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995). However, "the court must be careful not to use the evidence to 'pre-try' the case." *Smith v. Phillip Morris USA Inc.*, No. 18 C 6397, 2019 WL 4750119, at *3 (N.D. Ill. Sep. 30, 2019) (citing *Peters*, 1995 WL 358843, at *3); *Dillon v. Naman, Howell, Smith & Lee, PLLC*, 18 C 470, 2018 WL 2933602, at *4-5 (N.D. Ill. June 12, 2018) (courts may consider affidavits "regarding jurisdictional facts," but "should disregard evidence that goes to the ultimate issue of fact in the case"). "In tort cases, the existence of a duty between the non-diverse defendant and the plaintiff may be considered a jurisdictional fact, which can be established by a defendant's uncontradicted sworn statement." *Dillon*, 2018 WL 2933602, at *5 fn. 7 (citing *Hernandez v. Home Depot, U.S.A., Inc.*, No. 5 C 5963, 2006 WL 1647438, at *2 (N.D. Ill. June 5, 2006) (finding fraudulent joinder and holding that defendant's uncontested evidence showing non-diverse defendant never owed the plaintiff a duty

established that the plaintiff could not state a cause of action for negligence against the non-diverse defendant)).

The parties agree that Illinois law governs Plaintiff's claims. Thus, the relevant inquiry is whether there is a "reasonable possibility" that an Illinois court would find in Plaintiff's favor on her negligent misrepresentation claim against Ms. Boatwright. To state a claim for negligent misrepresentation, a plaintiff must allege:

> (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information.

*Tricontinental Industries, Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833-34 (7th Cir. 2007) (citing *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill.2d 326, 200 Ill.Dec. 69, 843 N.E2d 327, 334-35 (2006)).

Bayer contends that Plaintiff's negligent misrepresentation claim has no reasonable possibility of success because "Ms. Boatwright had no duty to Plaintiff as a matter of law." (Dkt. 24, 6). According to Bayer, "Illinois courts have rejected the notion that agents or employees of a company 'ha[ve] a duty to independently substantiate [their employer's] representations absent any facts indicating that the representations were untrue.'" (*Id.*) (citing *Salked v. V.R. Bus. Brokers*, 548 N.E.2d 1151, 1159 (Ill. Ct. App. 1989); *Lyons v. Christ Episcopal Church*, 390 N.E.2d 623, 625 (Ill. Ct. App. 1979)). Bayer notes that Plaintiff's complaint states that Ms. Boatwright "knew or should have known" that the representations were false, (Compl. ¶ 275), yet Plaintiff provides no factual allegations to support that

conclusion. (Dkt. 24, 7). In contrast, Ms. Boatwright's declaration states that "[t]o the best of [her] knowledge, the information furnished by Conceptus and Bayer was true and correct"; that she had no "independent knowledge of the alleged risks of Essure beyond what she learned" from Bayer's materials and training; and that she "lack[s] any independent knowledge or educational background that would enable [her] to test the veracity of the sales and marketing materials." (Dkt. 1, Ex. B ¶ 7). Because Ms. Boatwright had no reason to think Bayer's claims were false, she had no duty to substantiate those claims, and thus cannot be liable for negligent misrepresentation—or so Bayer argues.[2] Plaintiff contests these arguments, claiming that other courts have allowed negligent misrepresentation claims to proceed against sales representatives, and that the issue of whether Ms. Boatwright should be held liable is a question of fact that the court cannot resolve now.[3]

While this motion was pending, the Circuit Court of Cook County ruled in *L. Garcia v. Thorek Memorial Hospital, et al.*, No. 2019 CH 09032 (Cook Cty. Cir. Ct. July 2, 2020).[4] In that case, the plaintiff brought a negligent misrepresentation claim

---

[2] Generally, an uncontested affidavit of a nondiverse defendant is a sufficient basis to find fraudulent joinder. *Faucett v. Ingersol-Rand Min. & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992); *see also Hernandez*, 2006 WL 1647438, at *2 (concluding that the defendant's uncontested affidavit was sufficient to establish fraudulent joinder). Here, Plaintiff has not provided any evidence, in the form of allegations or competing declarations, to contest Ms. Boatwright's declaration.

[3] Both Elrod and Bayer cited out of state cases involving whether a non-diverse sales representative was fraudulently joined to a products liability suit. *Compare Legg v. Wyeth*, 428 F.3d 1317, 1324-25 (11th Cir. 2005) (holding no reasonable possibility that plaintiffs could establish a cause of action for negligent misrepresentation against a sales representative under Alabama law) *with Baker v. Merck & Co.*, No. CV-S-05-0625-RCJ-RJJ, 2005 WL 5517236, at *2 (D. Nev. Sep. 13, 2005) (remand granted where plaintiffs stated a colorable claim against non-diverse sales representative under Nevada law). Those cases offer no insight into whether Elrod stated a viable claim against Boatwright under Illinois law.

[4] Bayer alerted the court to this supplemental authority. (Dkt. 35). Plaintiff argues the Court should strike Bayer's filing because the Court has stayed briefing on Defendants' motion to dismiss (Dkt. 22), and this filing is an attempt to circumvent that stay. (Dkt. 37). The Court disagrees. The *Garcia*

against an unknown sales representative for certain statements about the Essure device. The plaintiff in *Garcia* also brought various claims against Bayer—the same defendant in the instant suit. *Id*. The state court ruled on Bayer's 2-615 motion to dismiss Plaintiff's First Amended Rule 224 Petition. That petition sought discovery to ascertain the identity of the Bayer sales representative(s) responsible for promoting Essure. *Garcia*, No. 2019 CH 09032, at *2. In dismissing Garcia's request, the state court determined that Garcia failed to state a negligent misrepresentation claim, and could not state such a claim, against the sales representative.[5] This Court must follow suit.

In *Garcia*, just like in this motion, Bayer argued that the negligent misrepresentation claim must fail because the sales representative had no legal duty to the plaintiff. *Garcia*, No. 2019 CH 09032, at *9. The Circuit Court agreed, stating: "The sales representative had no legal duty to Garcia" and "Illinois courts have rejected the notion that agents of a company 'have to independently substantiate their employer's representations absent any facts indicating the representations were untrue.'" *Id*. (citing *Salked*, 548 N.E.2d at 1159). Based on the fact that the plaintiff failed to "provide any factual allegations that the representative had sufficient knowledge that the Essure information being marketed was indeed false," the court concluded that "the representative had no duty to substantiate the information in the

---

opinion bears directly on the viability of Elrod's claim against Ms. Boatwright, the Court's jurisdictional inquiry, not the stayed motion to dismiss.

[5] The legal standard on a motion to dismiss a Rule 224 petition is "whether the allegations, when viewed in a light most favorable to the movant, are sufficient to state a cause of action upon which relief can be granted." *Id*. at *4. In evaluating such a petition, the court could only consider 1) the facts apparent from the face of the pleadings, 2) matters subject to judicial notice, and 3) judicial admissions on the record. *Id*. at *5.

brochures." *Id*. The court further stated: "no legal duty imposing liability can be placed on the Bayer sales representative(s) without any factual findings suggesting that sales representative(s) were knowingly marketing a product with knowledge that the information on the sales brochures was inaccurate." *Id*.

While the Circuit Court rested its decision, in part, on the lack of factual allegations necessary to find a legal duty (a dearth this lawsuit shares), this Court reaches the same conclusion based on the pleadings and Ms. Boatwright's declaration. Elrod argues that *Garcia* is distinguishable because that case involved a failure to plead knowledge, whereas here, Elrod has sufficiently alleged that Ms. Boatwright "knew or had reason to know" the informational brochures and statements were false or misleading. (Dkt. 37, 3). The Court disagrees. Contrary to Elrod's assertion, and like the Plaintiff in *Garcia*, Elrod has failed to allege any *facts* suggesting that Ms. Boatwright knew or should have known anything about the truth or falsity of Bayer's statements—Elrod merely provides legal conclusions. *Garcia* is not distinguishable on this basis.

Furthermore, unlike in *Garcia*, Bayer has filed a declaration from Ms. Boatwright that specifically states that she lacked any knowledge about the truth or falsity of the statements, and even lacked the education level to test the veracity of Bayer's statements. (Dkt. 1, Ex. B). As noted above, the Court may consider this evidence to determine whether the defendant owed the plaintiff a legal duty without pre-trying the case. *Dillon*, 2018 WL 2933602, at *5 fn. 7 (the existence of a duty between the non-diverse defendant and the plaintiff may be considered a

jurisdictional fact, which can be established by a defendant's uncontradicted sworn statement). Once again, contrary to Plaintiff's arguments, the *Garcia* opinion is not only instructive on the sufficiency of Elrod's pleadings, but also on whether the sales representative owed a legal duty as a matter of law.

Ms. Boatwright's declaration directly addresses that question. The uncontested declaration indicates that Ms. Boatwright did not have a duty to substantiate Bayer's claims and thus did not owe a legal duty to Elrod. Given this declaration, this case is even stronger than that before the state court in *Garcia*, which similarly held that the unnamed Bayer sales representative did not owe the plaintiff a legal duty. *Garcia*, No. 2019 CH 09032, at *9. This Court thus concludes that the negligent misrepresentation claim against Ms. Boatwright has no "reasonable possibility of success." *Schur*, 577 F.3d at 764. Defendants have accordingly met their heavy burden of establishing fraudulent joinder. As Ms. Boatwright is the only non-diverse defendant, the Court finds complete diversity of parties and asserts jurisdiction over this suit. Ms. Boatwright is dismissed from this lawsuit with prejudice. Plaintiff's motion to remand is denied. (Dkt. 16).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand [16] is denied, and Ms. Boatwright is dismissed from this suit with prejudice.

10

E N T E R:

Dated: July 27, 2020

_____

MARY M. ROWLAND

United States District Judge